# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| Michael A. Nolt, | |
|     Plaintiff, | |
| v. | Case No. 1:17-CV-83 JVB |
| Hertz Enterprise Car Rental, *et al.*, | |
|     Defendants. | |

## OPINION AND ORDER

Michael A. Nolt, a pro se prisoner, filed a complaint and seeks leave to proceed in forma pauperis. However, Nolt is barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g). This is commonly known as the "Three Strikes Rule" and Nolt has four strikes.[1] An inmate who has struck out, "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). In order to meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In this case, Nolt is attempting to sue Hertz Enterprise Car Rental and its employees for cooperating with law enforcement officials. Nolt alleges they provided the description of a vehicle he rented in October 2015. As a result, he was arrested and subsequently convicted in

---

[1] (1) *Nolt v. Maricopa County Public Defender's Office*, 2:92-CV-1830 (D. Ariz. filed September 29, 1992), dismissed January 26, 1993, as frivolous for lack of an arguable basis in law; (2) *Nolt v. Trebesch*, 2:93-CV-679 (D. Ariz. filed April 12, 1993), dismissed August 2, 1993, as frivolous for lack of an arguable basis in law; (3) *Nolt v. Arizona Superior Court*, 2:95-CV-946 (D. Ariz. filed May 9, 1995), dismissed June 30, 1995, as frivolous for lack of an arguable basis in law; (4) *Nolt v. Stewart*, 3:97-CV-319 (D. Ariz. filed February 18, 1997), dismissed February 28, 1997, as frivolous for lack of an arguable basis in law.

Nebraska. The claims raised in this case do not allege that Nolt is in imminent danger of serious physical injury.

Nonetheless, Nolt filed an in forma pauperis petition, even though he knew[2] he had struck out. The Seventh Circuit requires that litigants be restricted when they attempt to "bamboozle" the court by seeking to proceed in forma pauperis after they have been informed that they are barred from doing so.

> Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit. Moreover, the fee remains due, and we held in *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. Sloan's appeal is dismissed for failure to pay the appellate filing and docket fees. Until Sloan has paid in full all outstanding fees and sanctions in all civil actions he has filed, the clerks of all courts in this circuit will return unfiled all papers he tenders. This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of *Newlin* and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

*Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

So too, this case will be dismissed, the filing fee assessed, and Nolt restricted until he has paid in full all outstanding filing fees and sanctions imposed by any federal court. The restriction imposed by this order does not restrict him from filing a notice of appeal nor "impede him from making any filings necessary to protect him from imprisonment or other confinement, but . . . [it does] not let him file any paper in any other suit . . . until he pays the money he owes." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

For these reasons, the court:

---

[2] *See Nolt v. Hull*, 2:98-CV-795 (D. Ariz. filed May 1, 1998), order listing strikes entered May 11, 1998 (Nolt moved to reconsider the 3 strikes order on May 14, 1998, and the motion was denied May 19, 1998). *See also Cons Organized Rights Effort on behalf of Michael A. Nolt v. Stewart*, 2:98-CV-1247 (D. Ariz. filed July 9, 1998), order entered July 15, 1998, dismissing case because Nolt was barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g) in *Nolt v. Hull*.

(1) **DISMISSES** this case **WITHOUT PREJUDICE**;

(2) **DENIES** the in forma pauperis motion (DE 2);

(3) **ORDERS** the plaintiff, **Michael A. Nolt, Nebraska DCS # 85129, Arizona DOC # 089621**, to pay (and the facility having custody of him to automatically remit) to the clerk of this court 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the **$400.00** filing fee is paid in full;

(4) **DIRECTS** the clerk of court to create a ledger for receipt of these funds;

(5) **DIRECTS** the clerk of court to return, unfiled, any papers filed in any case by or on behalf of Michael A. Nolt (except for a notice of appeal or unless filed in a criminal or habeas corpus proceeding) until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court;

(6) **DIRECTS** the clerk of court to note on the docket of this case any attempted filings in violation of this order; and

(7) **DIRECTS** the clerk of court to ensure that a copy of this order is mailed to each facility where the plaintiff is housed until the filing fee has been paid in full.

SO ORDERED on March 16, 2017.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE
